United States District Court
Southern District of Texas
FILED

JUN 2 2 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| BLANCA HOLLAND, § | | **B-04-101** |
| Plaintiff, § | | |
| § | | |
| VS. § | | CIVIL ACTION NO. _____ |
| § | | (Jury Requested) |
| ESIQUIO LUNA, JR. REMBERTO § | | |
| ARTEAGA, AND HOUSING AUTHORITY § | | |
| OF THE CITY OF BROWNSVILLE § | | |
| Defendants § | | |

**DEFENDANTS ESIQUIO LUNA, JR., REMBERTO ARTEAGA, AND THE BROWNSVILLE HOUSING AUTHORITY'S (INCORRECTLY NAMED AS HOUSING AUTHORITY OF THE CITY OF BROWNSVILLE'S) RULE 12(b)(6) MOTION TO DISMISS PLAINTIFFS' ORIGINAL PETITION AND SUBJECT THERETO THEIR ORIGINAL ANSWER**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COME DEFENDANTS ESIQUIO LUNA, JR., REMBERTO ARTEAGA, AND THE BROWNSVILLE HOUSING AUTHORITY'S (INCORRECTLY NAMED AS HOUSING AUTHORITY OF THE CITY OF BROWNSVILLE'S) in the above styled and numbered matter, and files this their Rule 12(b)(6) Motion to Dismiss Plaintiff's Original Petition and Subject thereto their Original Answer and in support thereof shows the following:

**I.
STATEMENT OF THE CASE**

Without specifying any date of occurrence in her pleading, Plaintiff alleges that she was sexually assaulted by the Deputy Executive Director of Defendant Brownsville Housing Authority at her place of employment. She further alleges that Defendants violated her constitutional rights

to not be deprived of her bodily integrity and personal security. Plaintiff specifically contends that Defendant Brownsville Housing Authority took no corrective action and kept Deputy Executive Director Luna employed despite his allegedly being a "sexual predator" and that such action amounted to deliberate indifference on the part of the Brownsville Housing Authority.

Not in contradiction to the allegations set forth in Plaintiff's Original Petition, but as additional information for the Court, at approximately 3:30 p.m., on July 20, 2002, Plaintiff reported to the Brownsville Police Department that the assault complained of in her petition occurred "on the first week of March" (four months before the report). (Please see Exhibit "A" attached hereto). An Offense/Incident report was generated by the Brownsville Police Department confirming that Plaintiff informed Officer Joe Alejandro that Defendant Luna had allegedly walked into her store to have her sign some paperwork when he allegedly exposed his male sexual organ and asked her to kiss it good bye.

Again, not to contradict any of the statements or allegations in Plaintiff's Original Complaint, since for the purposes of this Rule 12 (b)(6) motion to dismiss, all of Plaintiff's pleadings must be accepted as true, the Defendants are only providing this information to the court as additional background as it relates to facts not included in Plaintiff's Original Petition and said information is relevant on the issue of statute of limitations.

## II.
## MOTION TO DISMISS UNDER RULE 12(b)(6)

### A.   Standard for Dismissal under Rule 12(b)(6)

Plaintiff has failed to state a claim for which relief can be granted. Accordingly, her lawsuit is ripe for dismissal under Federal Rule of Civil Procedure 12(b)(6). Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint should be dismissed for failure to state a

claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Under this standard, a court may dismiss a complaint if the plaintiff cannot possibly prevail on his claims. *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1973). Although the Rule 12(b)(6) standard is stringent, "the mere fact that a standard is stringent does not suggest that it can never be met." *Mahone v. Addicks Utility Dist. of Harris County*, 836 F.2d 921, 927 (5th Cir. 1988).

**B.     Statute of Limitations is a Bar to Plaintiff's Suit**

The causes of action articulated against the Defendants include (1) assault, (2) battery, and (3) violation of her constitutional rights. Under section 16.003 of the Texas Civil Practice & Remedies Code, a person must bring suit for personal injury not later than two years after the day the cause of action accrues. Texas' two-year general personal injury limitations period applies in federal civil rights actionS, since there is no federal statute of limitations for civil rights actions. *Slack v. Carpenter*, 7 F.3d 418, 419 (5th Cir. (Tex.)1993). In § 1983 actions brought in Texas, applicable limitations period is two years. *Gartrell v. Gaylor*, 981 F.2d 254, 265-257 (5th Cir. (Tex.)1993). Although the Fifth Circuit looks to Texas law to determine the applicable limitations period, federal law governs when a cause of action under § 1983 would accrue. *Lavellee v. Listi*, 611 F.2d 1129, 1130 (5th Cir.1980); *Gartrell*, 981 F.2d at 257. Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. Id. The statute of limitations therefore begins to run when the plaintiff is in possession of the "critical facts that he has been hurt and who has inflicted the injury...." Id. (internal quotation marks omitted).

Although Plaintiff did not articulate a date for the alleged sexual assault event she sues for, the offense report attached hereto as Exhibit "A" confirms that the alleged event happened no later than March 31, 2002 (she reported to the officer that the event allegedly occurred during the first week of March). Her cause of action for personal injury and civil rights violations as a result of this event accrued on or about the first week of March 2002 but no later than March 31, 2002 by her own admission to the investigating police officer. Her statute of limitations for any claims associated with such alleged event ran on March 31, 2004 at the latest. However, as evidenced by Plaintiff's Original Petition, Plaintiff did not file her cause of action against Defendants until June 7, 2004, over two months after the statute of limitations had run (Please see Exhibit "B" attached hereto). Therefore, even accepting Plaintiff's pleadings at true, her the applicable statute of limitations has run, and all claims of the plaintiff against all Defendants should be dismissed with prejudice.

### C. **The plaintiff failed to properly allege a policy, practice or custom claim against the Brownsville Housing Authority**

The Plaintiff has brought suit against the Brownsville Housing Authority asserting that it violated her constitutional rights not to be deprived of her bodily integrity and personal security in a deliberately indifferent manner. Generally, to succeed in holding a governmental entity such as the Brownsville Housing Authority liable for various constitutional violations, the plaintiff must establish not only that a municipal employee acted with subjective deliberate indifference, but also that the employee's act resulted from a policy or custom adopted or maintained by the municipality with objective deliberate indifference to the plaintiff's constitutional rights. See

*Olabisiomotosho v. City of Houston*, 185 F.3d 521, 526 (5th Cir.1999); *Hare v. City of Corinth*, 74 F.3d 633, 649 (5th Cir.1996) (en banc). The legal standard of "deliberate indifference" articulated with respect to Plaintiff's constitutional rights is a standard applied to § 1983 claims for constitutional violations. Causes of action for alleged deprivations of a constitutional right to bodily integrity have been recognized as section § 1983 claims and 14th Amendment claims by the 5th Circuit. *See Generally, Doe v. Taylor Independent School District*, 15 F.3d 443, 454 (5th Cir. 1999); *Moore v. Willis Independent School District*, 233 F.3d 871, 875 (5th Cir. 2000).

A governmental entity such as Defendant Brownsville Housing Authority can only be held liable under § 1983 if some official policy, custom or practice "causes" the alleged constitutional violation. *Monell v. New York City Dep't of Social Services*, 436 U.S. 685, 690 (1978). Such official policy, custom or practice is evident if there are "<u>numerous</u> prior incidents" showing "systemic" violations of constitutional rights. *Hererra v. Valentine*, 653 F.2d 1220 (8th Cir. 1981) (emphasis added); *see also Bennett v. City of Slidell*, 728 F.2d 762, 768 (5th Cir. 1984) (en banc). In addition, this systemic and widespread pattern of numerous prior incidents must have <u>affirmatively</u> caused the constitutional injury of which the Plaintiff has complained. *Reimer v. Smith*, 663 F.2d 1316 (5th Cir. 1981). The Fifth Circuit has also stated that to properly state a claim under 42 U.S.C. § 1983, Plaintiffs must allege specific facts, not merely conclusory allegations of such a pattern. *Elliot v. Perez*, 751 F.2d 1472, 1479 (5th Cir. 1985).

All of plaintiff's allegations in her original complaint are nothing more than conclusory statements and allegations without any specificity of actual proof or facts. Plaintiff fails to specify any alleged custom, pattern, and practice of constitutional violations that is so widespread, pervasive and well settled that it amounts to an official custom or policy which was the moving

force behind the alleged deprivation of Plaintiff's constitutional rights. Accordingly, Plaintiff's claims against the Brownsville Housing Authority should be dismissed.

### D. Plaintiff failed to properly allege a claim under the Texas Tort Claims Act

The plaintiff has brought suit alleging that Defendant Luna committed an assault and battery that constituted a violation of her constitutional right not to be deprived of her bodily integrity and personal security. Said allegations are claims of intentional torts by a governmental employee which are barred under section 101.057 of the Texas Tort Claims Act. Section 101.057 states in part that "This chapter does not apply to a claim:...arising out of assault, battery, false imprisonment, or any other intentional tort.." As such, Plaintiff has failed to articulate a proper cause of action against Defendant Luna within the limited waiver of immunity contained within the Texas Tort Claims Act. Accordingly, plaintiff's claims alleging a cause of action for assault and battery should be dismissed.

### III.

### DEFENDANTS' ANSWER

Without waiving their 12(b)(6) Motion to Dismiss, and subject thereto, Defendants Esiquio Luna, Jr., Remberto Arteaga, and the Brownsville Housing Authority (incorrectly named as Housing Authority of the City of Brownsville) hereby file their Answer to Plaintiff's Original Petition and would respectfully show unto the court the following:

1. Defendants deny that Plaintiff has allegedly suffered deeply personal and extremely humiliating abuse in any manner. Defendants admit the remaining allegations in paragraph II.

2. Defendants admit the allegations in paragraph III.

3. Defendants deny the allegations contained in paragraph IV.

4. With respect to paragraph V. of Plaintiff's Original Petition, Defendants deny that any assault or battery occurred as alleged, and Defendants deny that Plaintiff's constitutional right to bodily integrity and personal security were violated.

5. Defendants deny the allegations contained in paragraph VI.

6. Defendants deny the allegations contained in paragraph VII.

7. Defendants admit that Plaintiff seeks damages as alleged in paragraph VIII., but they deny she is entitled to any such damages.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph IX as they do not constitute a recognized cause of action.

## **AFFIRMATIVE DEFENSES**

9. Defendants would assert the doctrine of Sovereign Immunity with respect to Plaintiff's claims of assault and battery as Plaintiff cannot recover directly or indirectly from Defendants because the Texas Tort Claims Act and because Defendants' immunity has not been waived.

10. Defendants would assert that Plaintiff's state law claims are barred by section 101.057 of the Texas Tort Claims Act.

11. Defendants would assert that all of Plaintiff's claims are barred by the applicable 2 year statute of limitations for the causes of action alleged.

12.  Plaintiff cannot show that some official policy, custom or practice "caused" the alleged constitutional violations complained of in this case. *Monell v. New York City Dep't of Social Services*, 436 U.S. 685, 690 (1978).

WHEREFORE, PREMISES CONSIDERED, Defendants, ESIQUIO LUNA, JR., REMBERTO ARTEAGA, AND THE BROWNSVILLE HOUSING AUTHORITY (INCORRECTLY NAMED AS HOUSING AUTHORITY OF THE CITY OF BROWNSVILLE) pray that upon final trial and hearing, their Rule 12(b)(6) Motion to Dismiss be granted; that plaintiff take nothing by her suit, that these Defendants recover all costs incurred herein and that these Defendants have such other and further relief at law or in equity, which they may show themselves to be justly entitled.

Signed on June 23, 2004.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
1534 E. 6th Street, Suite 200
Brownsville, Texas 78520
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By: *Eduardo G Garza* (signature)
Eduardo G Garza
State Bar No. 00796609
Fed. Id. No. 20916
Analisa Figueroa
State Bar No. 24040897
Fed. Id. No. 38197

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this pleading has on June 23, 2004, been forwarded via certified mail, return receipt requested to:

*Via CMRRR 7003 0500 0001 09980 0615*
Mr. Phil A. Bellamy
Law Office of Phil A. Bellamy
815 Ridgewood
Brownsville, Texas 78520

_____
Eduardo G Garza

## CERTIFICATE OF CONFERENCE

The Local Rules for the United States District Court for the Southern District of Texas do not require a conference for a notice of removal.

_____
Eduardo G Garza

20021115474   91.08/05   2003026064

| BROWNSVILLE POLICE DEPARTMENT<br>600 East Jackson Street<br>Brownsville, Texas 78520<br>(956) 548-7000-911 Emergency | ☒ **OFFENSE** Report  Call Number: ▓▓▓▓  Date: 7-20-02<br>☐ **INCIDENT** Report  Disposition: Active<br>CHARGE(S): Indecent Exposure |
|---|---|

# OFFENSE / INCIDENT

Family Violence? ☐ Yes ☒ No

Earliest Date Occurred: 3-01-02  Time: 2 am/**pm**  Latest Date Occurred: —  Time: —  am/pm  Time Dispatched: 3:30 am/**pm**

**Location of Occurrence:**
| Address Number | N S E **W** | Street Name: Adams | St/Av/Rd: St | Apt/Ste | City: Brownsville | County: Cameron | State: TX | Zip Code: 78520 |

Investigating Officer (PRINT): J. Alejandro  Employee No: 5059

### Victim
Last Name: Holland  First Name: Blanca
Address Number: 312  Street Name: Persian
Race: W  ☒ Female  DOB: 12-09-53  Age: 48  ☒ Divorced
Home Telephone: 504-2337  Business Telephone: 504-9033  Place of Employment: Blanca's  Occupation: Self Employed

### Suspect
Last Name: Luna  First Name: Eligio
City: San Benito  State: TX
Race: W  ☒ Male  Age: 50  Height: 5'6"  Weight: 190  Hair: Blk  Eyes: Bro  Complexion: light  ☒ Bilingual

DEFENDANT'S EXHIBIT

FOR MORE THAN TWO SUSPECTS; ATTACH ADDITIONAL OFFENSE REPORT(S)  Continued on other side >>

## Vehicle Information
☐ Suspect  ☐ Victims'/Complainants'  ☐ Stolen  ☐ Burglarized  ☐ Recovered  ☐ Damaged  ☐ Improperly Parked  ☐ Repossessed  ☐ Impounded  ☐ Other: _____  AUTO THEFT INSURANCE? ☐ Yes ☐ No
ANTI-THEFT DEVICE? ☐ Yes ☐ No  TYPE: ☐ Alarm ☐ Steering Wheel Bar ☐ Other: _____
Owner: _____  Address: _____
City: _____  State: _____  Zip Code: _____  Telephone: _____

| ☐ Passenger Car ☐ Truck ☐ Trailer | Make | Model | Year | Operator's Name | License Plate | State | Year |
|---|---|---|---|---|---|---|---|
| Style (2dr,4dr,etc.) | Vehicle Identification Number | | Color (top) | Color (center) | Color (bottom) | Special Features | |

## Vehicle Information
☐ Suspect  ☐ Victims'/Complainants'  ☐ Stolen  ☐ Burglarized  ☐ Recovered  ☐ Damaged  ☐ Improperly Parked  ☐ Repossessed  ☐ Impounded  ☐ Other: _____  AUTO THEFT INSURANCE? ☐ Yes ☐ No
ANTI-THEFT DEVICE? ☐ Yes ☐ No  TYPE: ☐ Alarm ☐ Steering Wheel Bar ☐ Other: _____
Owner: _____  Address: _____
City: _____  State: _____  Zip Code: _____  Telephone: _____

| ☐ Passenger Car ☐ Truck ☐ Trailer | Make | Model | Year | Operator's Name | License Plate | State | Year |
|---|---|---|---|---|---|---|---|
| Style (2dr,4dr,etc.) | Vehicle Identification Number | | Color (top) | Color (center) | Color (bottom) | Special Features | |

PROPERTY CODES: S=Stolen  R=Recovered  L=Lost  F=Found  D=Damaged  E=Evidence  O=Other:

| Code | Quantity | Item Brand Name (Make and Model) | Description (Color, size etc.) | Serial Number | Value | Recovered Value |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |

**Summary of Incident**

Complainant stated that on the first week of March, a male subject walked into her store. Complainant stated that the subject had her sign some paper work. Complainant stated that as the subject was going to exit the building, the subject exposed his male sexual organ and asked her to kiss it good bye. Complainant stated she got offended by the gesture. Complainant stated that the subject then left the store.

Reporting Officer: [signature]  Employee No. 5059  Supervisor: [signature]  Employee No. 3612  Date Approved: 02.21.02

The information I have provided is true and correct to the best of my knowledge. I ☐ DID ☒ DID NOT give anyone permission to commit this/these offenses against me and/or property in my control.
Furthermore, I ☒ DO ☐ DO NOT want criminal charges to be filed against anyone found to be involved in this incident.

Victim/Complainant Signature: _____  Date: _____
☒ Victim/Complainant refused to sign report.

Br~~~~~

## -POLICE-
PATROL DIVISION

Joe Alejandro #5059
Patrol Officer

600 East Jackson Street
Brownsville, Texas 78521

Phone: (956) 548-7000
Case#: W 229

**DEPARTMENT OF PUBLIC SAFETY**
**DRIVER LICENSE**

CLASS: C   DL: 10759548
DOB: 12-09-53   HT: 5-04
EXPIRES: 12-09-01   EYES: BRN
SEX: F
REST:   END:

HOLLAND, BLANCA OLIVIA
602 OLD PORT ISABEL 29
BROWNSVILLE TX 78521



9733618595



Public Info. Given
8-26-02
EA

FILED FOR RECORD
AT ___ O'CLOCK ___ M
JUN - 7 2004
JOE G. RIVERA
CAMERON COUNTY CLERK
By _____ Deputy

CAUSE NO. 2004-CCL-1657-C

| | | |
|---|---|---|
| BLANCA HOLLAND | § | IN THE COUNTY COURT |
| VS. | § § § | |
| ESIQUIO LUNA, JR., REMBERTO ARTEAGA, AND HOUSING AUTHORITY OF THE CITY OF BROWNSVILLE | § § § § | AT LAW NO. 3<br><br>CAMERON COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff BLANCA HOLLAND files this her *Plaintiff's Original Petition* complaining of ESIQUIO LUNA, JR., REMBERTO ARTEAGA, and HOUSING AUTHORITY OF THE CITY OF BROWNSVILLE and for cause of action would respectfully show the Court the following:

I

Plaintiff BLANCA HOLLAND intends to conduct discovery under Level 3 of the Texas Rules of Civil Procedure.

II

Plaintiff BLANCA HOLLAND is an individual residing in Cameron County, Texas. In the event that a member of the media obtains a copy of this petition, Plaintiff requests that she not be identified by name due to the deeply personal and extremely humiliating nature of the abuse she has endured as stated herein.

Defendant ESIQUIO LUNA, JR. ("LUNA"), the Deputy Executive Director of Defendant HOUSING AUTHORITY OF THE CITY OF BROWNSVILLE, is an individual residing in Cameron County, Texas and may be served with service of process by

C:\MyFiles\Clients\04-349 Blanca Holland\Plaintiff's Original Petition.wpd



DEFENDANT'S EXHIBIT

serving him at his place of employment, Defendant HOUSING AUTHORITY OF THE CITY OF BROWNSVILLE, 2606 Boca Chica Boulevard, Brownsville, Texas.

Defendant REMBERTO ARTEAGA ("ARTEAGA"), the Executive Director of Defendant HOUSING AUTHORITY OF THE CITY OF BROWNSVILLE, is an individual residing in Cameron County, Texas and may be served with service of process by serving him at his place of employment, Defendant HOUSING AUTHORITY OF THE CITY OF BROWNSVILLE, 2606 Boca Chica Boulevard, Brownsville, Texas.

Defendant HOUSING AUTHORITY OF THE CITY OF BROWNSVILLE may be served by serving its Executive Director, Defendant ARTEAGA, at his place of employment; and by serving the Chairman of its Board of Commissioners, Andres Muñiz, at his residence, 6747 Pino Verde, Brownsville, Texas.

III

Venue is proper in Cameron County, Texas for the reasons that all or a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in Cameron County, Texas.

IV

Defendant LUNA, clothed with his authority as the Deputy Executive Director of Defendant HOUSING AUTHORITY OF THE CITY OF BROWNSVILLE, sexually assaulted Plaintiff, a tenant of the HOUSING AUTHORITY OF THE CITY OF BROWNSVILLE at her place of employment, a used clothing store in downtown Brownsville.

V

Plaintiff seeks recovery of and from Defendant LUNA for his assault and battery

of her. Plaintiff further seeks recovery of and from Defendant LUNA for the violation of her constitutional right for Defendant LUNA not to deprive her of her bodily integrity and personal security.

VI

Defendant ARTEAGA and Defendant HOUSING AUTHORITY OF THE CITY OF BROWNSVILLE knew that Defendant LUNA was a sexual predator prior to Defendant LUNA's sexual assault of Plaintiff. Yet, they took no corrective action and kept Defendant LUNA in his position as Deputy Executive Director. The actions and inactions of Defendant ARTEAGA and Defendant HOUSING AUTHORITY OF THE CITY OF BROWNSVILLE with respect to Defendant LUNA amounted to (and continues to amount to) deliberate indifference. Their knowing acquiescence in Defendant LUNA's behavior constituted a violation of Plaintiff's constitutional right to not be deprived of her bodily integrity and personal security.

VII

As a result of the incident described above, Plaintiff has suffered impairment of reputation, personal humiliation, and mental anguish and suffering. In all reasonable probability, Plaintiff will continue to suffer for a long time into the future, if not for the balance of her life. Plaintiff seeks the recovery of these damages from Defendants, jointly and severally.

VIII

Plaintiff also seeks the recovery of punitive and exemplary damages.

IX

By this pleading, Plaintiff puts Defendants on notice that she fears retaliation as

a tenant and otherwise.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that Defendants be cited to answer and appear herein, and that upon trial, this Honorable Court grant judgment against Defendants, jointly and severally, for an amount compensating Plaintiff for her damages and injuries in an amount in excess of the minimum jurisdictional limit of the Court, costs of court, prejudgment and postjudgment interest as allowed by law, for punitive damages, and for such other and further relief, general or special, at law or in equity, to which she may be justly entitled to receive.

Respectfully submitted,

LAW OFFICE OF PHIL A. BELLAMY
815 Ridgewood
Brownsville, Texas 78520
(956) 546-9345
(956) 544-7201 (Fax)

By: _____
Phil A. Bellamy
State Bar No. 00787065

Noe D. Garza, Jr.
State Bar No. 07736010
LAW OFFICE OF NOE D. GARZA, JR.
854 E. Van Buren St.
Brownsville, Texas 78520
(956) 544-2911
(956) 544-7530 (fax)

Attorneys for Plaintiff

**PLAINTIFF DEMANDS A JURY TRIAL**