IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 2 2 2004

Michael N. Milby
Clerk of Court

| | |
|---|---|
| BLANCA HOLLAND, § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. B-04-101 |
| § | (Jury Requested) |
| ESIQUIO LUNA, JR. REMBERTO § | |
| ARTEAGA, AND HOUSING AUTHORITY § | |
| OF THE CITY OF BROWNSVILLE § | |
| Defendants § | |

**JOINT REPORT ON MEETING REQUIRED BY RULE 26(F)
AND JOINT DISCOVERY/CASE MANAGEMENT PLAN**

1. State when and where the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

   The meeting took place by phone on September 20, 2004 and September 21, 2004. In addition, counsel for both parties conferred by fax correspondence.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   None involving Plaintiff Blanca Holland.

3. Briefly describe what this case is about.

   Plaintiff is a resident of the Housing Authority of the City of Brownsville who alleges that she was sexually assaulted at her place of employment by Defendant Luna who is the Deputy Executive Director of the Housing Authority of the City of Brownsville. She further alleges that Defendants violated her constitutional rights to not be deprived of her bodily integrity and personal security. Plaintiff specifically contends that Defendant Brownsville Housing Authority took no corrective action and kept Deputy Executive Director Luna employed despite his allegedly being a "sexual predator" and that such action amounted to deliberate indifference on the part of the Brownsville Housing Authority. Defendants deny the allegations raised and assert that the statute of limitations to bring claims against them has run.

4.  Specify the allegation of federal jurisdiction.

    Federal Question Jurisdiction as Plaintiff alleges violations of her Constitutional rights in the form of her right to bodily integrity and personal security.

5.  Name the parties who disagree and the reasons.

    The parties are in agreement with this proposed case management plan.

6.  List anticipated additional parties that should be included, when they can be added, and by whom they were wanted.

    None.

7.  List anticipated interventions.

    None known at this time.

8.  Describe class-action issues.

    None.

9.  State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

    It is agreed by the parties that initial disclosures will be exchanged by the parties within 30 days after the pre-trial conference.

10. Describe the proposed agreed discovery plan, including:

    A)  Responses to all the matters raised in Rule 26(f).

        Responses to all matters raised in Rule 26(f) will be addressed by November 12, 2004.

    B)  When and to whom the plaintiff anticipates it may send interrogatories.

        Plaintiff will propound interrogatories on Defendant by December 13, 2004.

    C)  When and to whom the defendant anticipates it may send interrogatories.

        Defendant will propound interrogatories on Plaintiff by December 13, 2004.

D)  Of whom and by when the plaintiff anticipates taking oral depositions.

Plaintiff anticipates taking the oral deposition of Defendant's representatives and any other witnesses by February 10, 2005.

E)  Of whom and by when the defendant anticipates taking oral depositions.

Defendant anticipates taking the depositions of witnesses of the Plaintiff by February 10, 2005.

F)  When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

February 10, 2005 for Plaintiff

March 15, 2005 for Defendants

G)  List expert depositions that plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

None at this time but Plaintiff anticipates taking expert depositions, if any, by April 14, 2004.

H)  List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

None at this time but Defendants anticipate taking expert depositions, if any, by April 14, 2004.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

None.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

None.

13. State the date the planned discovery can reasonably be completed.

We anticipate that planned discovery can reasonably be completed by April 14, 2005.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

   The parties' opinions regarding potential liability in this case differ significantly. The issues are hotly contested by all parties. The parties have discussed possibly attempting to negotiate or mediate this case at a later date after discovery has been conducted.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

   Both parties have cooperated with one another to facilitate the exchange of information regarding claims and defenses. However, the parties' views on liability and the facts of this case differ significantly, making negotiation extremely difficult.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

   The parties have discussed possibly mediating this case at a later date after discovery has been conducted.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

   The parties do not agree to consent to trial before a magistrate at this time.

18. State whether a jury demand has been made and if it was made on time.

   Plaintiff has requested a jury for this case.

19. Specify the number of hours it will take to present the evidence in this case.

   The parties estimate that 16-24 hours would be required to present the evidence in this case.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

   Defendants' Rule 12 (b)(6) Motion to Dismiss Plaintiff's Original Petition.

21. List other motions pending.

   None.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

None.

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

Defendants filed their Disclosure of Interested Parties on June 30, 2004.

Plaintiff filed her Disclosure of Interested Parties on July 19, 2004.

24. List the names, bar numbers, addresses and telephone numbers of all counsel.

Signed on September 21, 2004.

| | |
|---|---|
| Law Office of Phil A. Bellamy<br>815 Ridgewood<br>Brownsville, Texas 78520<br>(956) 546-9345 Telephone<br>(956) 544-7201 Facsimile | WILLETTE & GUERRA, L.L.P.<br>1534 E. 6th Street, Suite 200<br>Brownsville, Texas 78520<br>(956) 541-1846 Telephone<br>(956) 541-1893 Facsimile |
| /s/ Phil A. Bellamy<br>Phil A. Bellamy<br>Federal Id. No.<br>State Bar No. 00787065<br>ATTORNEY FOR PLAINTIFF | /s/ Eduardo G Garza<br>Eduardo G Garza<br>Federal Id. No. 20916<br>State Bar No. 00796609<br>ATTORNEY FOR DEFENDANT |

Law Office of Noe D. Garza, Jr.
854 E. Van Buren St.
Brownsville, Texas 78520
(956) 544-2911 Telephone
(956) 544-7530

/s/ Noe D. Garza
Noe D. Garza
Federal Id. No.
State Bar No. 00736010
CO-COUNSEL FOR PLAINTIFF